UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-22459-RKA

**CHRISTINA AVILA**,

    Plaintiff,

v.

**WEBCOLLEX, LLC D/B/A
CKS FINANCIAL**,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Webcollex, LLC d/b/a CKS Financial ("CKS"), by and through its undersigned counsel, responds to Plaintiff's Complaint (DE 1-1) as follows:

1. CKS admits that this Court has jurisdiction, based upon CKS' removal, pursuant to 28 U.S.C. §§ 1331, 1367 (DE 1).

2. CKS admits that this Court has jurisdiction, because the conduct at issue occurred in this District.

3. The allegations in Paragraph 3 are not factual allegations to which a response is required. To the extent a response is required, denied.

4. CKS admits that venue is proper in this Court District.

5. CKS is without knowledge and, thus, must deny the allegation.

6. Admitted.

7. The allegations in Paragraph 7 are not factual allegations to which a response is required. To the extent a response is required, CKS also demands a jury trial.

8. Admitted.

9. CKS is without knowledge and, thus, must deny the allegation.

10. CKS is without knowledge and, thus, must deny the allegation.

11. Denied as phrased.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. The allegations in Paragraph 16 are so vague and confusing that CKS cannot formulate a response. To the extent a response is required, denied.

17. The allegations in Paragraph 17 are so vague and confusing that CKS cannot formulate a response. To the extent a response is required, denied.

18. The allegations in Paragraph 18 are not factual allegations to which a response is required. To the extent a response is required, denied.

19. The allegations in Paragraph 19 are not factual allegations to which a response is required. To the extent a response is required, denied.

20. Admitted.

21. Denied as phrased.

22. Denied as phrased.

23. Denied.

24. The allegations in Paragraph 24 are not factual allegations to which a response is required. To the extent a response is required, denied.

25. Denied.

26. Denied.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

27. The referenced document speaks for itself.

28. The allegations in Paragraph 28 are not factual allegations to which a response is required. To the extent a response is required, denied.

29. The referenced document speaks for itself. Denied.

30. The allegations in Paragraph 30 are so vague and confusing that CKS cannot formulate a response. To the extent a response is required, denied.

31. Denied.

32. Denied.

### COUNT I – VIOLATION OF 15 U.S.C. § 1692c(b)

33. CKS repeats and incorporates herein its responses to Paragraphs 1 through 32.

34. The allegations in Paragraph 34 are not factual allegations to which a response is required. To the extent a response is required, denied.

35. Denied.

36. The allegations in Paragraph 36 are not factual allegations to which a response is required. To the extent a response is required, denied.

### COUNT II – VIOLATION OF § 559.72(5)

37. CKS repeats and incorporates herein its responses to Paragraphs 1 through 32.

38. The allegations in Paragraph 38 are not factual allegations to which a response is required. To the extent a response is required, denied.

39. Denied.

40. The allegations in Paragraph 40 are not factual allegations to which a response is required. To the extent a response is required, denied.

**Any Allegations Not Answered, Qualified, or Specifically Denied**

To the extent that any allegations in the Complaint, including legal arguments, footnotes, purported authorities, other gratuitous information, and unnumbered Wherefore or similar requests for relief are not otherwise addressed hereinabove, they are hereby denied.

**AFFIRMATIVE DEFENSES**

1. CKS' compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

2. The alleged claims in the Complaint are barred because any alleged actions by CKS were taken in good faith; alleged violations, if any, were unintentional.

3. The alleged misconduct was the result of a bona fide error under 15 U.S.C. § 1692k(c) and Section 559.77, Florida Statutes.

4. Plaintiff lacks standing and/or capacity to either bring or maintain this action, or to obtain the relief sought because, *inter alia,* Plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages.

5. Plaintiff's claims are barred by the doctrine of waiver.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. The claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege.

8. No act or omission of CKS was a substantial factor in bringing about the damages alleged, nor was any act or omission of CKS a contributing cause thereof. Any alleged acts or omissions of CKS were superseded by the acts or omissions of others, including Plaintiff or other third parties not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff.

9. Plaintiff's claims are barred, in whole or in part, by the one-year statute of limitations set forth in 15 U.S.C. § 1692k(d).

10. Plaintiff's claims are barred for lack of standing by *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 n.6 (2021), because any alleged disclosure of information related to their debts by CKS to printing vendors are not actionable publications.

11. Plaintiff's claims are barred, in whole or in part, because Section 1692c(b) is a content-based speech restriction in that it prohibits a debt collector to communicate with third parties "with reference to" or "concern[ing]" a debt. The content-based restriction on truthful commercial speech does not directly advance a substantial governmental interest, and is not narrowly tailored to any governmental interest. Eliminating routine, confidential business communications is not the "substantial" interest behind Section 1692c(b), and prohibiting those communications does nothing to prohibit abusive debt collection practices.

12. Plaintiff's claims are barred, in whole or in part, by the Fifth Amendment and the Fourteenth Amendment to the United States Constitution because the damages imposed by Section 1692k(a)(2)(A) as a result of the conduct alleged in the Complaint are grossly excessive in light of the alleged harm.

## RESERVATION OF RIGHTS TO SUPPLEMENT AFFIRMATIVE DEFENSES

CKS hereby gives notice that it may rely on other affirmative defenses that may become available or apparent during the course of discovery, and, thus, reserves the right to further amend or supplement this Answer and Affirmative Defenses.

## PRAYER FOR RELIEF

WHEREFORE, CKS demands judgment as follows:

    A.      That Plaintiff stakes nothing by the Complaint, and that the Complaint be dismissed with prejudice;

    B.      That judgment be entered in favor of CKS;

    C.      For costs of the suit incurred herein, including reasonable attorneys' fees; and

    D.      For such other and further relief as the Court may deem just and proper.

Dated: July 21, 2021.

*s/ Andrew R. Schindler*
**JOSEPH A. SACHER**
FBN 174920
*jsacher@grsm.com*
**ANDREW R. SCHINDLER**
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on July 21, 2021, with the Clerk by using the CM/ECF system, and served via email on all counsel listed in the below service list.

*s/ Andrew R. Schindler*